Filed

IN THE CIRCUIT COURT OF RHEA COUNTY, TENNESSEE

JUN 2 3 2026

Jamie Holloway
Circuit Civil Court
DB

**KELLIE SMITH,**
Resident of 4905 Parker Loop Rd.
Birchwood, TN 37308

    **Plaintiff,**

Docket No: 2026-CV-159

vs.

**JURY DEMANDED**

**WALMART INC. F/K/A WAL-MART
STORES, INC. and WAL-MART REAL
ESTATE BUSINESS TRUST,**

Judge Angel

    **Defendants.**

## COMPLAINT

Comes now the Plaintiff, Kellie Smith, by and through counsel, and for her cause of action against the Defendants states as follows:

### PARTIES

1. Plaintiff Kellie Smith is a resident and citizen of Birchwood, Tennessee. She resides at 4905 Parker Loop Rd., Birchwood, TN 37308.

2. Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business located at 708 SW Eighth Street, Bentonville, Arkansas 72712. At all times material hereto, Walmart Inc. operated and/or controlled the Walmart store located in Dayton, Rhea County, Tennessee, including Walmart Store No. 619. Its registered agent for service of process is CT Corporation System, with a registered office address of 300 Montvue Road, Knoxville, TN 37919.

**EXHIBIT**

tabbies

**B**

Case 1:26-cv-00197-TRM-MJD　　Document 1-3　　Filed 07/21/26　　Page 1 of 7　　PageID #: 13

3. Upon information and belief, Defendant Wal-Mart Real Estate Business Trust is a Delaware statutory trust which owned, leased, managed, maintained, controlled, or otherwise held responsibility for the premises where the incident occurred. Upon information and belief, Walmart Inc. operated the subject store on property owned, leased, managed, maintained, or controlled by Wal-Mart Real Estate Business Trust. Its registered agent for service of process is also CT Corporation System, with a registered office address of 300 Montvue Road, Knoxville, TN 37919.

## JURISDICTION AND VENUE

4. This action is for the personal injuries and other damages sustained by the Plaintiff arising out of a trip and fall on Defendants' premises located in Dayton, Rhea County, Tennessee, on or about June 24, 2025 Based upon the foregoing, jurisdiction and venue lie properly in this Court.

## FACTUAL ALLEGATIONS

5. At all times material hereto, Defendants maintained, operated, controlled, inspected, and/or were responsible for the subject premises, including the grocery pickup area, the shopping carts and/or flat carts used therein, and the employees acting within the course and scope of their employment.

6. On or about June 24, 2025, Plaintiff Kellie Smith was lawfully on Defendants' premises as a customer and business invitee for the purpose of receiving groceries through Walmart's grocery pickup service.

7. While Plaintiff was in the grocery pickup area of the Dayton Walmart on June 24, 2025, a Walmart employee and/or associate brought Plaintiff's groceries out to her vehicle. Plaintiff was initially standing near the rear of her vehicle and then walked to the door area of the vehicle to lower the third-row seat and make room for the groceries.

Case 1:26-cv-00197-TRM-MJD    Document 1-3    Filed 07/21/26    Page 2 of 7    PageID #: 14

8. While Plaintiff was lowering the seat and preparing her vehicle for the groceries, the Walmart employee and/or associate lowered the handle of the grocery cart and placed or allowed the lowered handle to remain in the area where Plaintiff had just walked. After lowering the seat, Plaintiff walked back along the same path she had taken moments earlier. As she did so, her foot caught the lowered cart handle, which had not been present when she first walked through that area.

9. The lowered cart handle created a dangerous and defective condition, tripping hazard, and/or trap for Plaintiff using the grocery pickup area. The hazard was created by Walmart's own employee while acting within the course and scope of his employment.

10. At all times complained of herein, Plaintiff was acting in a careful and reasonable manner and without negligence on her part.

11. Defendants, through their agents, servants, and/or employees, knew or should have known that placing a cart handle into a customer walking aisle created an unreasonable risk of harm to customers, including Plaintiff. Defendants further knew or should have known that Plaintiff would be focused on receiving and loading groceries and would reasonably expect the area around their vehicles to be free from ground-level tripping hazards created by Walmart employees.

12. Because the dangerous condition was created by Defendants' own employee, Defendants had actual knowledge of the hazard and/or are chargeable with knowledge of the hazard. Alternatively, Defendants knew or, through the exercise of reasonable care, should have known of the dangerous condition in sufficient time to remove it, correct it, or warn Plaintiff of its existence.

## NEGLIGENCE OF DEFENDANTS

13. Defendants, through their agents, servants, employees, and/or representatives, were guilty of negligence, including but not limited to the following acts and omissions:

a. Failing to maintain the grocery pickup area in a reasonably safe condition for customers;

b. Creating a dangerous and defective condition by leaving a cart handle lowered and protruding into a customer-accessible walking path;

c. Failing to properly position, secure, raise, remove, or control the cart after using it to deliver groceries to Plaintiff's vehicle;

d. Failing to warn Plaintiff of the lowered cart handle and the tripping hazard it created;

e. Failing to exercise reasonable care in the operation of Walmart's grocery pickup service;

f. Failing to properly train and supervise employees regarding the safe use, placement, and handling of grocery carts, pickup carts, and/or flat carts in customer-accessible areas;

g. Failing to inspect and maintain the pickup area in a reasonably safe condition;

h. Failing to provide Plaintiff with a safe means of ingress, egress, and movement around her vehicle while receiving groceries;

i. Failing to exercise the degree of care owed to Plaintiff as a business invitee on Defendants' premises; and

j.      Violating the duty of care owed to Plaintiff and other customers on Defendants' premises.

14.      The negligence of Defendants, acting by and through their agents, servants, employees, and/or representatives, was the direct and proximate cause of Plaintiff's fall, injuries, damages, and losses.

## INJURIES AND DAMAGES

15.      As a result of the fall, Plaintiff Kellie Smith sustained injuries including, but not limited to, injuries to her left arm, left elbow, wrists, hands, legs, and related body systems. Her injuries include a partial tear of the common extensor tendon of the left elbow, left distal lateral humerus bone contusion, lateral epicondylitis of the left elbow, muscle atrophy, reduced range of motion, right wrist sprain with contusion, left wrist hematoma, abrasions and skin avulsion to the lower legs, left upper extremity weakness, and intermittent numbness and tingling.

16.      Plaintiff required medical care and treatment as a result of the fall, including urgent care treatment, hospital evaluation, diagnostic imaging, orthopedic treatment, MRI imaging, injection treatment, occupational therapy, and follow-up care. Surgical intervention was discussed and recommended due to the nature of Plaintiff's left elbow injury.

17.      Plaintiff has been caused to pay or become obligated for necessary medical care and treatment and may incur additional medical expenses in the future. Plaintiff reserves the right to amend this Complaint and attach medical bills pursuant to Tennessee Code Annotated § 24-5-113.

18.      As a direct and proximate result of Defendants' negligence, Plaintiff is entitled to recover damages including, but not limited to, the following:

a.      Physical pain and suffering, past and future;

b.     Emotional suffering and mental anguish, past and future;

c.     Medical expenses, past and future;

d.     Loss of enjoyment of life;

e.     Physical impairment and disability;

f.     Costs of this cause, including discretionary costs; and

g.     All other damages and general relief allowed under the laws of the State of Tennessee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kellie Smith demands a trial by jury and requests that she be awarded fair and just compensation from Defendants for her injuries and damages in an amount to be determined by an informed jury, not to exceed $125,000.00.

Plaintiff further requests that the Court award her costs, including discretionary costs, and all further relief to which she may be entitled.

KELLIE SMITH
*Plaintiffs by Attorney*

LOGAN THOMPSON, P.C., by

ROBERT S. THOMPSON (BPR#012832)
IRA V. LEE, III (BPR#040903)
*Attorneys for Plaintiffs*
30 2nd Street NW
P. O. Box 191
Cleveland, TN 37364-0191
(423)476-2251
(423)476-2252 (Facsimile)
RThompson@loganthompsonlaw.com
Ilee@loganthompsonlaw.com

## COST BOND

We, the undersigned Principal and Surety acknowledge and bind ourselves for the prosecution of this action and payment of all non-discretionary costs in this Court not to exceed $1,000.

KELLIE SMITH
PRINCIPAL BY ATTORNEY

LOGAN-THOMPSON, P.C., by

Surety

Filed

JUN 2 3 2026

Jamie Holloway
Circuit Civil Court